

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ATLANTIC TOWER SERVICES, INC., § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | Civil Action No. 3:17-02917-MGL |
| § | | |
| AXIS TEKNOLOGIES, LLC, and AXIS § | | |
| TEKNOLOGIES SOUTH CAROLINA, LLC, § | | |
| Defendants. § | | |
| § | | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS**

## I.  INTRODUCTION

This is a motion for attorney's fees arising from an alleged breach of the settlement agreement executed between Plaintiff Atlantic Tower Services, Inc. (Atlantic Tower) and Defendants Axis Teknologies, Inc. and Axis Technologies South Carolina, LLC (Axis Defendants). The court has jurisdiction over this matter under 28 U.S.C. § 1332. Pending before the Court is Atlantic Tower's motion for attorneys' fees (Atlantic Tower's motion). ECF No. 97. Having carefully considered Atlantic Tower's motion, the response, the reply, the sur reply, Atlantic Tower's supplement, Axis Defendants' reply to the supplement, Atlantic Tower's sur reply to Axis Defendants' reply, the record, and the applicable law, it is the judgment of the Court Atlantic Tower's motion will be granted.

1

## II. FACTUAL AND PROCEDURAL HISTORY

The parties entered into a settlement agreement following mediation on January 21, 2019. ECF No. 71. The settlement agreement required the Axis Defendants to pay $250,000, beginning with a $25,000 payment due on or before March 1, 2019, followed by thirty equal monthly installments in the amount of $7,500 beginning on or before April 1, 2019, until the amount was paid in full. ECF No. 76 at 1. The settlement agreement also called for the execution of a Confession of Judgment in the amount of $275,00 as security for payment under the terms of the settlement agreement. *Id*. The Confession of Judgment was held in trust by counsel for Atlantic Tower unless and until the Axis Defendants defaulted on their obligations under the settlement agreement. *Id*. After the Axis Defendants defaulted on their payment due on April 1, 2019, Atlantic Tower filed a motion to reopen this case (motion to reopen) to file the Confession of Judgment. *Id*.

After the parties fully briefed Atlantic Tower's motion to reopen, the Court held a hearing and subsequently granted Atlantic Tower's motion to reopen for the purpose of filing the Confession of Judgment. The Axis Defendants then filed a motion to alter or amend this Court's order granting Atlantic Tower's motion to reopen, which this Court denied. Atlantic Tower filed a motion to enter judgment pursuant to the fully executed Confession of Judgment and a motion for attorney's fees in the amount of $13,100.50. The Axis Defendants responded, Atlantic Tower replied, and the Axis Defendants filed a sur reply. The Court granted Atlantic Tower's motion to enter judgment pursuant to the Confession of Judgment and directed Atlantic Tower to file an itemized bill for its motion for attorney's fees. After judgment was entered in favor of Atlantic Tower, counsel for Atlantic Tower filed a supplement detailing their bill, the Axis Defendants

replied, and Atlantic Tower filed a sur reply. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Atlantic Tower's motion for attorney's fees.

III. STANDARD OF REVIEW

The decision of whether to grant an award of attorney's fees lies within a district court's discretion. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* (citing *Grisson v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). In determining what constitutes a reasonable number of hours and a reasonable rate, a court should consider these twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243-44 (citation omitted).

IV. CONTENTIONS OF THE PARTIES

Atlantic Tower contends it is entitled to recover $13,100.50 in attorney's fees and costs incurred in moving to reopen this case, filing the confession of judgment and responding to the Axis Defendants' opposition in this process. In support of its motion, Atlantic Tower provided an affidavit of one of their attorneys, Mary McDonald Campolong (Ms. Campolong), a time and expense report outlining the hours Ms. Campolong, two partners at her firm, Beth Richardson and

3

Paul Hoefer, and three paralegals expended in filing their motions and responding to the Axis Defendants' opposition.

The Axis Defendants argue Atlantic Tower's motion for attorney's fees should be denied because "[Atlantic Tower] requests an unreasonable amount in fee's for actions that were inherently unnecessary." ECF No. 101 at 1. In the alternative, the Axis Defendants requests the Court reduce the amount of any attorney's fees award to a "reasonable figure." *Id*.

## V.  DISCUSSION AND ANALYSIS

The Axis Defendants' argument the Court should decline to award Atlantic Tower attorney's fees because Atlantic Tower could have avoided incurring them is unavailing. Because this case was closed at the time the Axis Defendants defaulted under the terms of the parties' settlement agreement, Atlantic Tower was justified in filing its motion to reopen this case and subsequently responding to the Axis Defendants' memorandum in opposition. Ultimately, had the Axis Defendants timely made their monthly payments pursuant to the settlement agreement, this entire process would have been unnecessary. Further, the settlement agreement expressly provides "Defendants [are] responsible for Plaintiff's attorneys fees associated both with the filing and subsequent collection of the Judgment" in the event of a default. Settlement Agreement ¶2. The Confession of Judgment also states, "Atlantic Tower shall be entitled to recover any direct, consequential, or incidental costs or expenses, including any attorney fees, incurred by its efforts to recover the indebtedness should it file, execute upon and conduct supplemental and collection proceedings in connection with this Confession of Judgment." Confession of Judgment ¶6. The fact Atlantic Tower had to take the necessary steps to file the Confession of Judgment is expressly

contemplated in the settlement agreement and the executed Confession of Judgment, and therefore, the Court finds Atlantic Tower is entitled to an award of attorney's fees.

Having determined Atlantic Tower is entitled to recover its attorney's fees incurred in connection with filing the Confession of Judgment, the Court now must determine what constitutes a reasonable award considering the factors set forth in *Robinson*, *supra*.

As stated above, Atlantic Tower seeks an award of $13,100.50 for attorney's fees. Ms. Campolong confirms in her affidavit her firm has billed or will bill $13,100.50 to Atlantic Tower in connection with filing the Confession of Judgment. ECF No. 97-4 at 4; ECF No. 107-1 at 2. Ms. Campolong attached to her affidavit a copy of the relevant time entries. ECF No. 107-1 at 3-7. Atlantic Tower's claimed fees of $13,100.50 are based upon 64.7 hours of work expended in filing the motion to reopen the case, discussing a proposed revised settlement offer with the Axis Defendants, replying to the Axis Defendants' response in opposition to the motion to reopen, preparing for the hearing before this Court on Atlantic Tower's motion to reopen, researching how to file the Confession of Judgment in a closed case, drafting the motion for entry of the Confession of Judgment, responding to the Axis Defendants' objection to Atlantic Tower's motion to enter the Confession of Judgment, replying to the Axis Defendants' reply, and then drafting their fee report to submit to this Court. *Id*. Of the 64.7 hours of work for which Atlantic Tower seeks reimbursement, 40.8 hours were worked by Ms. Campolong at a rate of $175 per hour, 3.4 hours were worked by Paul Hoefer at a rate of $300.00 per hour, 14.6 hours were worked by Beth Richardson at a rate of $300.00 per hour, .5.9 hours were worked by paralegals at a rate of $95.00 per hour. See *id*. at 7.

The Axis Defendants contest the reasonableness of Atlantic Tower's bill for attorney's fees. Specifically, the Axis Defendants assert Atlantic Tower "attempt[ed] to overstaff and

overbill for this matter" by (1) "[two partners and one associate] bill[ing] 8.1 hours prior to filing [Atlantic Tower's] Motion to Reopen case, which included time for meeting, discussing, and conferences regarding the filing and 'next steps'"; (2) two partners and one associate "billed 4.6 hours to review emails between [counsel for both parties] and 'discuss' next steps and response email"; one associate "billed 2.8 hours to further research and draft filing the Confession of Judgment *after* this Court entered the Order Granting Plaintiff's Motion to Reopen Case"; and (4) one partner "billed 0.10 hours for 'review and conferences' with [an associate] regarding issues in recent case filings." ECF No. 109 at 2-3. (emphasis in original).

The Court is unpersuaded by the Axis Defendants' contentions. The majority of the attorney's fees Atlantic Tower incurred in attempting to file the Confession of Judgment were spent responding to the Axis Defendants' continued objections at every stage of this process. Approximately thirty (30) hours of Atlantic Tower's bill is attributable to time spent responding to the Axis Defendants' objections to Atlantic Tower filing the Confession of Judgment and attending a hearing before this Court on the same. ECF No. 102 at 2. Atlantic Tower's counsel also spent almost six (6) hours attempting to reach an alternate resolution with the Axis Defendants instead of filing the Confession of Judgment. *Id*. The process of filing the motion to reopen the case and the subsequent filing of the Confession of Judgment were made more difficult by the Axis Defendants' repeated objections, and the Court declines to now reduce Atlantic Tower's fees on this basis.

The Court has thoroughly reviewed Ms. Campolong's affidavit, Atlantic Tower's counsel's relevant time entries, and all of the briefings the parties have submitted in light of the twelve factors that should be considered when determining what constitutes a reasonable number of hours and a reasonable rate for purposes of an award of attorney's fees, *see Robinson*, 560 F.3d at 243-44, and

the Court holds both the number of hours Atlantic Tower's counsel worked and the rates billed are reasonable under the circumstances. Therefore, Atlantic Tower's motion for attorney's fees is **GRANTED**.

    **IT IS SO ORDERED.**

Signed on this 4th day of September, 2019, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE